**PALM BEACH COMPANY, Appellant,**

v.

**Ellen CRUM and J. Edward Crum,**
**Appellees.**

**No. 13507.**

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1958.

Hodges & Doughty, Knoxville, Tenn.,
for appellant.

Frank H. Marsh, Jr., Knoxville, Tenn.,
for appellees.

Before MARTIN and MILLER, Circuit Judges, and GOURLEY, District
Judge.

PER CURIAM.

In this case, judgment was entered on
the verdict of a jury awarding Ellen
Crum $9,000 damages, against her employer (Palm Beach Company), for personal injuries, and her husband $1,000
for loss of her consortium and for expenses incurred by him in consequence
of her injuries.

Appellee Ellen Crum was injured during working hours as the result of slipping and falling upon the concrete floor
of the ladies' rest room furnished by her
employer. There was substantial evidence upon which the jury could find
properly that appellant was negligent in
permitting the floor of its rest room to
become wet and slippery and that appellee was injured as a proximate result
of this condition. In response to requests for admission, appellant admitted that, on rare occasions, there was
some water on the floor at a point between the sink and the drain pipe in the
ladies' rest room, caused either by water
spilling while the faucets over the sink
were being used *or from water running
from the roof down the drain pipe.* It
was stipulated on pre-trial, moreover,
that there was a slight leak in the roof
and that some water had trickled down
the pipe during the night before the accident to Mrs. Crum.

Appellant contends that appellees' action should be dismissed for the reason
that Ellen Crum had brought suit in the
state circuit court under the Workmen's
Compensation Laws of Tennessee, T.C.A.
§ 50–901 et seq., wherein it had been adjudged that she was not acting within
the scope of her employment when she
was injured and, therefore, could not recover benefits as an employee. From
this, it is argued that the fact issue so
determined became *res adjudicata* to such
extent as to repel this present action.

We cannot accept this contention as
valid. The Tennessee court made no finding of fact as to the cause of the accident
but held merely that it did not arise during the course of appellee's employment

so as to make her injury compensable under the Workmen's Compensation Laws of Tennessee. In the instant action, we are concerned with the common-law liability of the appellant and not with whether or not Ellen Crum was covered by Tennessee Workmen's Compensation Laws. If barred under those laws, appellee had the right to maintain an action against appellant upon the basis of its common-law liability.

We find no error in the charge of the United States District Judge, nor in any ruling made by him during the trial. There being substantial evidence to support the verdict of the jury; and the case not being one of *res adjudicata*, the judgment is affirmed.